## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARL A. WESCOTT,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-2088** |
| | : | |
| **EASTERN UNIVERSITY,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

**HODGE, J.**                                                                                          **JUNE 25, 2025**

Plaintiff Carl Wescott filed a *pro se* Complaint alleging that Defendant Eastern University violated a regulation promulgated under the Higher Education Act ("HEA") by failing to timely disburse the balance of his financial aid award. Wescott also seeks leave to proceed *in forma pauperis*. For the reasons that follow, the Court will grant Wescott leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.

## I.      FACTUAL ALLEGATIONS[1]

Wescott alleges that in early 2025, he registered to take classes at Eastern University beginning on January 13, 2025. (Compl. at 6.) Before classes began, Wescott expressed to Eastern University's Financial Aid Department that he was dependent on financial aid for both his tuition and for his room and board. (*Id*.) Wescott states that he ultimately accepted a financial aid offer of over $6000 for the first term. (*Id*. at 7.) After deducting the cost of tuition, Wescott alleges he was supposed to be disbursed a "credit balance of over $4000." (*Id*.) However, Wescott learned from the Financial Aid Department that the disbursement date for the credit balance would not be until April 8, 2025. (*Id*.) According to Wescott, "federal law

---

[1] The allegations set forth in this Memorandum are taken from Wescott's Complaint. (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

requires that the [financial aid] credit balance be refunded within 14 days of the start of the term," which was January 13, 2025. (*Id*. at 6.) But rather than disbursing the balance in accordance with federal law, Eastern instead "hold[s] on to students' money for those extra months." (*Id*. at 7.) Wescott states that Eastern University should have disbursed the "full credit balance" by January 27, 2025, which was within fourteen days of the start of his term, but instead only sent a "partial credit balance" of $2354 on April 8, 2025, which was "71 days late [and] a total of 85 days after the beginning of the term." (*Id*.)

Wescott alleges that because Eastern University failed to timely disburse the financial aid credit balance to him, he could not pay rent, had to leave his apartment, was "rendered homeless," and had to "drop out" of Eastern University. (*Id*. at 6-8.) He lost the $2152 he paid in tuition as well as the $1600 he used as a deposit on the apartment. (*Id* at 8.) Based on these allegations, Wescott asserts a claim that Eastern University violated 34 C.F.R. § 668.164(h). (*Id*. at 4-5, 7, 9-10.) For relief, Wescott seeks money damages, including alleged lost future compensation. (*Id*. at 9.)

## II.    STANDARD OF REVIEW

The Court will grant Wescott leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court will accept the facts alleged in the *pro se*

Amended Complaint as true, draw all reasonable inferences in Wescott's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Wescott is proceeding *pro se*, the Court construes his allegations liberally.

## IV.    DISCUSSION

Wescott's sole claim is that Eastern University violated a regulation promulgated under the HEA, specifically 34 C.F.R. § 668.164(h), by failing to disburse his financial aid credit balance within fourteen days of the start of his academic term.[2] Section 668.164(h) addresses "Title IV, HEA credit balances" and generally provides that credit balances must be paid directly to the student (or parent) no later than within fourteen days after the balance occurred or the first day of class. 34 C.F.R. § 668.164(h)(2).[3] Wescott specifically claims that Eastern University

---

[2] The specific regulation cited by Wescott is a part of a group of regulations that apply to institutions that participate in "any student financial assistance program authorized by Title IV of the [HEA]." *See* 34 C.F.R. § 668.1 (noting the "scope" of Part 668 of the HEA regulations).

[3] Section 668.164(h) specifically states:

(h) Title IV, Credit Balances.
    (1) A title IV, HEA credit balance occurs whenever the amount of title IV, HEA program funds credited to a student's ledger account for a payment period exceeds the amount assessed the student for allowable charges associated with that payment period as provided under paragraph (c) of this section.
    (2) A Title IV, HEA credit balance must be paid directly to the student or parent as soon as possible, but no later than—
        (i) Fourteen (14) days after the balance occurred if the credit balance occurred after the first day of class of a payment period; or
        (ii) Fourteen (14) days after the first day of class of a payment period if the credit balance if the credit balance occurred on or before the first day of class of that payment period.
34 C.F.R. § 668.164(h)(2).

violated § 668.164(h) because it waited 85 days to disburse the credit balance of his financial aid award to him instead of disbursing it within fourteen days, as is required by the regulation.

Regardless of whether Eastern University violated the HEA or its regulations by failing to timely disburse financial funds to Wescott, his HEA claim must nevertheless be dismissed. Courts uniformly hold that the HEA, and specifically Title IV of the HEA, does not provide individuals like Wescott a private right of action for violations of its provisions or regulations. *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1123 (11th Cir. 2004) (stating that "the HEA expressly empowers only the Secretary of Education—not debtors—with the authority to enforce the HEA and rectify HEA violations" and thus "[i]t is well-settled that the HEA does not expressly provide debtors with a private right of action"); *Labickas v. Arkansas State Univ.*, 78 F.3d 333, 334 (8th Cir. 1996) (*per curiam*) (concluding that student borrowers have no private right of action under the HEA); *Alston v. Pa. State Univ.*, No. 14-2480, 2015 WL 9660019, at *4 (M.D. Pa. June 9, 2015) ("Although the HEA provides certain administrative remedies against the DOE in some limited circumstances . . . it has long been recognized that individuals do not have a private right of action under the HEA against a university or the DOE."), *report and recommendation adopted*, No. 14-02480, 2016 WL 74795 (M.D. Pa. Jan. 7, 2016), *aff'd*, 685 F. App'x 158 (3d Cir. 2017); *Thomas v. Nova Se. Univ., Inc.*, No. 11-2089, 2011 WL 3205298, at *3 (D.N.J. July 27, 2011) (stating that the "HEA does not create a private right of action, and that since Plaintiff cannot assert a claim under that federal statute he has no possibility of invoking federal-question jurisdiction under 28 U.S.C. § 1331"), *aff'd Thomas v. Nova Se. Univ.*, 468 F. App'x 98 (3d Cir. 2012); *Boateng v. Bergen Cnty. Cmty. Coll.*, No. 15-2304, 2016 WL 7217606, at *2 (D.N.J. Dec. 13, 2016) (stating that "Title IV provides financial assistance for students attending institutions of higher education" but "does not, however, provide a private right of action").  Accordingly, Wescott's claim asserted under the HEA and its regulations must be

dismissed with prejudice.  Nor can the Court discern any other plausible claim within its jurisdiction.

## IV.    CONCLUSION

For the above reasons, the Court will grant Wescott leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice because Wescott cannot cure the legal defects in his claim.  A final order follows, which dismisses this case in full.[4]

BY THE COURT:

/s/ Kelley B. Hodge

_____

KELLEY BRISBON HODGE, J.

---

[4] The Court's dismissal does not preclude Wescott from pursuing claims against Eastern University in the Delaware County Court of Common Pleas.